IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Judge Marianne O. Battani |
| In Re: Anti-Vibration Rubber Parts<br>In Re: Automotive Hoses | Case No. 2:13-cv-00802<br>2:15-cv-03202 |
| THIS DOCUMENT RELATES TO:<br>Automobile Dealership Actions | |

**ORDER GRANTING DEALERSHIP PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED SETTLEMENT WITH
SUMITOMO RIKO DEFENDANTS
<u>PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES</u>**

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Sumitomo Riko Co. Ltd.[1] and DTR Industries, Inc. (together, "Sumitomo Riko Defendants") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

---

[1] Automobile Dealership Plaintiffs named Tokai Rubber Industries, Ltd. in the Consolidated Amended Class Action Complaint in *In re Anti-Vibrational Rubber Parts*, Case No. 2:13-cv-00802, ECF No. 28 (June 21, 2014). Tokai Rubber Industries, Ltd. changed its name to Sumitomo Riko Co. Ltd. on October 1, 2014. "SUMITOMO RIKO" refers to Tokai Rubber Industries, Ltd., Sumitomo Riko Co. Ltd., and DTR Industries, Inc.

1

### Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

### Class Certification

3. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

"Anti-Vibration Rubber Parts Settlement Class" is defined as:

All Automobile Dealerships that, during the period from June 1, 1996, through August 1, 2016, purchased a new Vehicle in the United States for resale that included one or more Anti-Vibration Rubber Parts as a component part, or indirectly purchased one or more Anti-Vibration Rubber Parts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Anti-Vibration Rubber Parts Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Anti-Vibration Rubber Parts directly or for resale.

"Automotive Hoses Settlement Class" is defined as:

All persons and entities who, from June 1, 2003, through August 1, 2016, purchased a new Vehicle in the United States for resale that included one or more Automotive Hoses as a component part, or indirectly purchased one or more Automotive Hoses as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Automotive Hoses Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Hoses directly or for resale.

4. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) Dealership Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) Dealership Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that Dealership Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

## Appointment of Settlement Class Counsel

5. The Court hereby appoints Cuneo Gilbert & LaDuca, LLP and Larson King LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

6. Each Dealership Plaintiff class representative named in the most current Complaint in these cases will serve as Dealership Plaintiff class representative on behalf of the Settlement Classes.

## Notice to Potential Class Members

7. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all entities affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

8.      The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

### Other Provisions

9.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Dealership Plaintiffs, Sumitomo Riko, and the members of the Settlement Classes.

10.     The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants, including Sumitomo Riko Defendants, to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this action or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11.     The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

12. The litigation against Releasees (as defined in the Settlement Agreement with Sumitomo Riko Defendants), in particular Sumitomo Riko Co. Ltd. and DTR Industries, Inc, is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:   August 25, 2016　　　　　　　　　　　s/Marianne O. Battani
　　　　　　　　　　　　　　　　　　　　　　　MARIANNE O. BATTANI
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 25, 2016.

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　Case Manager