UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: ANTI-VIBRATIONAL RUBBER PARTS CASES | |
| THIS DOCUMENT RELATES TO: | |
| DEALERSHIP ACTION<br>END-PAYOR ACTION | 2:13-cv-00802-MOB-MKM<br>2:13-cv-00803-MOB-MKM |

**DEFENDANTS' RESPONSE IN OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' REQUEST FOR A FIVE-MONTH EXTENSION OF CLASS CERTIFICATION SCHEDULE**

## CONCISE STATEMENT OF THE ISSUE PRESENTED

1. Whether End-Payor Plaintiffs ("EPPs") and Auto Dealer Plaintiffs ("ADPs," and collectively with EPPs, "IPPs") have shown good cause for extending the Court's established deadline for a motion to certify a class by five months, where a three-month extension would reasonably balance the need for additional discovery with the prejudice associated with further delay in this long-running case.

**Answer:** No.

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 16(b)(4)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Marcilis v. Township of Redford*, 693 F.3d 589 (6th Cir. 2012)

*Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474 (6th Cir. 2014)

## TABLE OF CONTENTS

**INTRODUCTION** .......... 1
- **I. Background** .......... 1
- **II. IPPs Have Not Demonstrated Good Cause For a Five-Month Extension** .......... 2
- **III. Proposed Class Certification Briefing and Hearing Schedule** .......... 4
- **IV. Defendants Request an Opportunity to be Heard on any Stay of the Proceedings** .......... 4

**CONCLUSION** .......... 4

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Marcilis v. Township of Redford*,
693 F.3d 589 (6th Cir. 2012) .......... 2, 4

*Smith v. Holston Med. Grp., P.C.*,
595 F. App'x 474 (6th Cir. 2014) .......... 2

**Other Authorities**

Fed. R. Civ. P. 1 .......... 4

Fed. R. Civ. P. 16 .......... 2

## INTRODUCTION

While the AVRP defendants ("Defendants") acknowledge the need for additional time to obtain discovery from certain third party original equipment manufacturers ("OEMs"), the five month extension requested by Indirect Purchaser Plaintiffs ("IPPs") is excessive. The current deadline for IPPs' motion for class certification is April 10, 2017—more than four years after the filing of this case. While there are outstanding disputes regarding OEM discovery, the parties made substantial progress in resolving many of those disputes at the Court-ordered OEM mediation on November 15, and there will be a final hearing to resolve any issues that remain after mediation on December 9 with respect to the six OEMs subject to the mediation process. In light of the current state of OEM discovery, IPPs have failed to show good cause for the five month extension they seek, which would set IPPs' class certification briefing deadline a full nine months after final resolution of the motion to compel. An extension of three months is sufficient to allow for additional OEM discovery prior to class certification while minimizing the additional burden and prejudice associated with further delay of this long-running case. This Court should deny IPPs' request and order a three-month extension instead.

### I. Background

This case now has been pending for more than three and a half years. The Court's original deadline for IPPs' motion for class certification was August 12, 2016. IPPs now seek a third extension of the class certification schedule in *AVRP*. (Motion, *In re Auto. Parts Antitrust Litig.*, 13-cv-00803 (E.D. Mich. Nov. 2, 2016), (Dkt. 154).) The Court previously granted two four-month extensions, pushing back the original deadline for a motion for class certification to December 12, 2016, and finally to April 10, 2017. (*See* Status Conf. Tr. 71:7–7 (Jan. 20, 2016); Status Conf. Tr. 56:3–6 (May 11, 2016); Order, *In re Auto. Parts Antitrust Litig.*, 13-cv-00800 (E.D. Mich. May 18, 2016), (Dkt. 84).) In granting the last extension, the Court expressed an

interest in limiting further delay of the schedule, noting that it was "going to give it one more shot, one more with the delay." (Status Conf. Tr. 55:25–56:1 (May 11, 2016).)

As IPPs acknowledge, the parties have made significant progress on OEM discovery since the last extension. OEM discovery has proceeded for many months, and almost all of the court-ordered 30(b)(6) depositions of the six OEMs subject to the court-ordered "discovery-on-discovery" are complete. (Dkt. 154-1 at ¶¶ 4, 6.) There remain unresolved issues, but those issues promise to be resolved in the next few weeks. As Special Master Esshaki reported at the November 16, 2016 status hearing, the parties and OEMs made significant progress at the Court-ordered discovery mediation on November 15, 2016. (*See* Dkt. 154 at 1.) The parties continue to negotiate the issues discussed during the mediation, and the parties and OEMs will participate in a second mediation session before Special Master Esshaki on December 8, 2016. Any issues that remain unresolved after the mediation process with these OEMs will be addressed at a final hearing on the pending motion to compel on December 9, 2016.

## II. IPPs Have Not Demonstrated Good Cause For a Five-Month Extension

Rule 16(b)(4) states that a schedule "may be modified *only* for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "A court asked to modify a scheduling order for good cause may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Township of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quotation omitted); *see Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 480 (6th Cir. 2014). A court must also consider the potential prejudice to nonmoving parties from any modification. *Marcilis*, 693 F.3d at 597.

Defendants do not dispute that at least some additional OEM discovery is necessary prior to briefing on any class certification motion. If objections remain after the December 9 motion to compel hearing, and assuming IPPs are correct that "final resolution" of these objections

would not occur until late January or early February 2017, Defendants agree that it would be difficult to complete necessary discovery of the lead-six OEMs prior to the existing April 2017 deadline for filing class certification motions. (*See* Dkt. 154 at 2.)

IPPs fail to show good cause why an extension of five months is necessary, however. A five month extension would set the class certification deadline a full *nine months* after the final hearing on the pending motion to compel, and seven to eight months after IPPs' estimated date for resolution of objections. By contrast, a three month extension of the class certification deadline – to July 2017 – would allow roughly six months for additional OEM discovery even under the schedule IPPs posit. (*See* Dkt. 154 at 2.) This is more than sufficient, particularly since the parties have made substantial progress on OEM discovery since the last extension. The 30(b)(6) depositions of OEMs are almost complete. IPPs already have access to the OEM information from these depositions, and other discovery produced by the OEMs, during the pendency of the motion to compel. The parties are in negotiations with the OEMs about resolving remaining discovery issues. IPPs offer no support for their assertion that they and their experts nonetheless need a minimum of six months in order to review and analyze OEM-produced materials.

The additional time IPPs request, added to the previous extensions of eight months total, will also come at significant cost to Defendants, who are mindful that the burdens of litigation tend to expand to fit the time allotted. Any additional delay of this long-pending case will undoubtedly drain additional resources from the parties, not to mention the Court. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (the crippling costs of discovery for antitrust cases should be avoided at an early stage if at all possible). Given the interconnected nature of the many cases consolidated in this multi-district litigation, this delay would likely have a ripple

effect on later-filed cases as well. The parties are entitled to not only a just determination of this action, but one that is "speedy, and inexpensive" as well. *See* Fed. R. Civ. P. 1. A three-month extension strikes a reasonable balance between these interests, allowing significant additional time to conduct necessary discovery while minimizing the prejudice caused by compounding delay in a nearly four-year-old case. *Cf. Marcilis*, 693 F.3d at 597.

## III. Proposed Class Certification Briefing and Hearing Schedule

| AVRP | | |
|---|---|---|
| **Event** | **Current Deadline** | **Proposed Deadline** |
| Plaintiffs shall file motions for class certification | April 10, 2017 | July 10, 2017 |
| Defendants shall file oppositions | August 10, 2017 | November 14, 2017 |
| Plaintiffs shall file replies | December 11, 2017 | March 12, 2018 |
| Hearing on class certification | January 18, 2018 | April 16, 2018 |

## IV. Defendants Request an Opportunity to be Heard on any Stay of the Proceedings

At the November 16, 2016 status hearing the Court noted that it may consider staying proceedings in conjunction with the appointment of a "settlement master," or pending settlement discussions between parties. Given the significant impact this could have on the schedule of this long-pending case, Defendants respectfully request that the Court give the parties an opportunity to present their respective positions on this issue by written memorandum (or in whatever form the Court prefers) before ordering a stay of these proceedings.

## CONCLUSION

For all of the foregoing reasons, IPPs' request for a five-month extension to the deadline for a motion to certify a class should be denied, and the Court should instead grant a three-month

extension, and enter the schedule proposed above. Defendants further request an opportunity to be heard prior to the Court ordering any stay of the proceedings.

Dated: November 22, 2016

Respectfully submitted,

/s/ Kevin M. Fee
David C. Giardina
Courtney A. Hoffmann
Kevin M. Fee
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgiardina@sidley.com
choffmann@sidley.com
kfee@sidley.com

Bradley J. Schram
**HERTZ SCHRAM PC**
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-5000
Facsimile: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire North America Manufacturing Inc., and Toyo Tire North America OE Sales LLC*

/s/ Kaj Rozga (by consent)
Steven A. Reiss
Adam C. Hemlock
Kaj Rozga
David Fitzmaurice
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

kajetan.rozga@weil.com
david.fitzmaurice@weil.com

Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
Facsimile: (734) 222-1501
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and Bridgestone APM Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 22nd day of November, 2016, the foregoing Response in Opposition to End-Payor Plaintiffs' Motion for a Five-Month Extension of Class Certification Schedule was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 22, 2016

*/s/* David A. Geiger
David A. Geiger
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgeiger@sidley.com