**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 2:12-md-02311 Judge Marianne O. Battani |
| In Re: Anti-Vibration Rubber Parts | : : : | Case No. 2:13-cv-00802 |
| THIS DOCUMENT RELATES TO: Automobile Dealership Actions | : : : : : : | |

**ORDER GRANTING DEALERSHIP PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF PROPOSED SETTLEMENT WITH**
**YAMASHITA DEFENDANTS**
**PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS**

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Yamashita Rubber Co., Ltd. and YUSA Corporation (collectively, "Yamashita Defendants") and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1.      The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, capitalized terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

**Preliminary Approval of Settlement Agreement**

2.      The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of

1

the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class

Counsel and approved by the Court at a later date as provided in this Order.

**Class Certification**

3.      Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed

settlement, the Court hereby finds that the prerequisites for a class action have been met and

provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All automobile dealers that, during the period March 1, 1996 through
> the Execution Date, purchased new Vehicles that included one or
> more Anti-Vibration Rubber Parts ("Released Parts") as a
> component part, which were manufactured or sold by a Defendant,
> any current or former parent, subsidiary, or affiliate of a Defendant,
> or any co-conspirator of the Defendants.  Excluded from the
> Settlement Class are Defendants, their parent companies, subsidiaries
> and affiliates, any co-conspirators, federal government entities and
> instrumentalities of the federal government, and states and their
> subdivisions, agencies and instrumentalities.

4.      The Court finds that provisional certification of the Settlement Class is warranted in

light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is

impracticable; (b) Dealership Plaintiffs' claims present common issues and are typical of the

Settlement Class; (c) Dealership Plaintiffs and Settlement Class Counsel will fairly and adequately

represent the Settlement Class; and (d) common issues predominate over any individual issues

affecting the members of the Settlement Class. The Court further finds Automobile Dealership

Plaintiff Class Representatives' interests are aligned with the interests of all other members of the

Settlement Class. The Court also finds settlement of this action on a class basis superior to other

means of resolving the matter.

**Appointment of Settlement Class Counsel**

5.      The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, and Larson King LLP as

Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied

by this appointment.

2

6.      Each Automobile Dealership Plaintiff Class Representative named in the most current Complaint in this case, unless previously dismissed by order of the Court, will serve as a class representative on behalf of the Settlement Class.

## Notice to Potential Class Members

7.      Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all entities affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims and distribution ("Notice Motion").

8.      The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

## Other Provisions

9.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Automobile Dealership Plaintiff Class Representatives, Yamashita, and the members of the Settlement Class.

10.      The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendants, including Yamashita Defendants, to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this action or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer

to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11.     The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

12.     The litigation against Releasees, in particular Yamashita Rubber Co., Ltd. and YUSA Corporation, is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:   December 5, 2016                         s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 5, 2016.

                                                s/ Kay Doaks
                                                Case Manager

4